NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1094
_____

UNITED STATES OF AMERICA

v.

LLOYD BENJAMIN,
Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(Crim. Action No. 2-10-cr-00172-001)
District Judge: Honorable Alan N. Bloch
_____

Submitted Under Third Circuit LAR 34.1(a)
October 24, 2012
_____

Before: HARDIMAN, GREENAWAY, JR., and VANASKIE, *Circuit Judges*.

(Opinion Filed: January 31, 2013)

_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

A jury convicted Lloyd Benjamin ("Benjamin") of two substantive counts of

possession with intent to distribute heroin and conspiracy to possess with intent to distribute heroin. Benjamin argues that the District Court abused its discretion by allowing the jury, during deliberations, to listen to recordings of taped conversations that had been played at trial but not admitted into evidence. For the reasons stated below, we find that the District Court did not abuse its discretion and will affirm the judgment of conviction.

## I. Background

We write primarily for the benefit of the parties and recount only the essential facts.

On June 3, 2010, Wyatt Newton ("Newton") was stopped by the Pennsylvania State Police. Upon searching Newton's vehicle, the police found ten bricks of heroin and $5,000 in cash. Newton immediately offered to cooperate with the police. He identified Benjamin as his drug supplier. The State Police contacted the Drug Enforcement Administration ("DEA"), which commenced an investigation.

As part of the federal investigation, agents recorded various telephone calls between Newton and Benjamin. Additionally, Newton wore a body recording device and transmitter during several face-to-face meetings with Benjamin and another individual named Wade. During these meetings, drugs and/or money were exchanged.

Benjamin was arrested and eventually tried before a jury. At trial, several audio recordings were played for the jury by both the Government and defense counsel.

During the charge conference, counsel for the Government noted that "[f]or

2

housekeeping matters, I believe that although we played the recordings into evidence, so they were audio, they were part of the record, I may not have properly moved for their actual admission after I offered them. To the extent, [sic] I didn't . . . I move for the admission." (App. 346.) Defense counsel objected, arguing that the case was closed. The District Judge denied the Government's request to admit the audio recordings.

During their deliberations, the jury sent a note to the Court asking to hear three audio recordings — Government Exhibits 9 and 10, and Defense Exhibit 3. Defense counsel objected to allowing the jury to listen to the recordings again. Relying on Gibson v. Mayor of Wilmington, 355 F.3d 215, 229-30 (3d Cir. 2004), the District Judge overruled the objection and allowed the audio recordings to be played for the jury's consideration during deliberations.

## II. Analysis[1]

On appeal, Benjamin argues that the District Court abused its discretion by allowing the jury to listen to the audio recordings and that his due process rights were violated.[2] Specifically, Benjamin argues that the District Court misapplied the holding in

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction, pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

[2] Benjamin's use of the abuse of discretion standard is inconsistent with his argument that the District Court allowed the jury to listen to audio recordings that were not admitted into evidence. If the District Court reopened the record, we would review that decision for abuse of discretion. Gibson, 355 F.3d at 229. On the other hand, if the District Court allowed the jury to review exhibits not in evidence, we would determine if the error in that decision was harmless. United States v. Friedland, 660 F.2d 919, 928 (3d Cir. 1981).

Gibson since that case differed factually from the instant matter. Benjamin further suggests that the District Court should have reopened the case and supplemented the record by admitting the audio recordings into evidence, a position inconsistent with defense counsel's objection to their admission at trial. The Government, while admitting its own error in failing to seek the admission of the audio recordings, argues that the District Court did not err when it "tacitly re-opened the record and admitted the three recordings." (Br. for the United States 21.)

We note that the District Court's action in sending the audio recordings to the jury was less than pellucid. While the District Court quoted at length from Gibson, a case that involved the reopening of the record, nowhere did the Court explicitly state that it was deciding to reopen the record in order to admit the audio recordings. However, after reviewing the transcript, we conclude that the District Court implicitly reopened the record to admit the audio recordings, as allowed by the holding in Gibson.

The District Court did not abuse it discretion in doing so. "Great flexibility is accorded the District Court in its determination to supplement the record, though it must avoid perpetrating any type of injustice in so doing." Gibson, 355 F.3d at 229. We have identified several factors that the District Court must consider in deciding whether to supplement the record. These factors include "the burden that will be placed on the parties and their witnesses, the undue prejudice that may result from admitting or not admitting the new evidence, and considerations of judicial economy." Id.

During trial, the audio recordings were identified, authenticated by Newton, and

4

played for the jury. The Government's ministerial errors prevented their admission into evidence. Other than noting that the record was closed at the time the Government sought to admit the audio recordings, Benjamin has raised no other objection to the admission of the audio recordings. All of the factors we have identified weigh in favor of admitting the three audio recordings. That is, we find no prejudice, nor any undue burden, to either side based on the admission of the recordings. Further, defense counsel provided no substantive objection to their admission. Under these circumstances, we find the District Court did not abuse its discretion in reopening the record to admit the audio recordings.

### III.  Conclusion

The District Court reopened the record to admit the audio recordings during jury deliberations. Since we find that the District Court did not abuse its discretion in doing so, we will affirm Benjamin's conviction.

5